# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50769
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL VILARCHAO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:86-CR-30-5

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Daniel Vilarchao, federal prisoner # 14972-004, is serving a life sentence imposed in 1990 for engaging in a "continuing criminal enterprise" (CCE), under 21 U.S.C. § 848. He appeals the denial of a motion to correct an illegal sentence under the pre-1987 version of Federal Rule of Criminal Procedure 35(a), which applies to him because his crimes were committed prior to 1987. Under the applicable version of Rule 35, a district "court may correct

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50769

an illegal sentence at any time." FED. R. CRIM. P. 35(a) (2019) (text following "Rule Applicable To Offenses Committed Prior To Nov. 1, 1987").

Vilarchao contends that his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), because the Government did not prove to the jury that his crime involved the specific drug quantity needed to subject him to a mandatory life sentence. He also asks for appointment of counsel.

At the time of Vilarchao's CCE offense, 21 U.S.C. § 848 provided in pertinent part that any person engaged "in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 10 years and which may be up to life imprisonment." § 848 (1981), *quoted in Garrett v. United States*, 471 U.S. 773, 779-80 & n.1 (1985)). As the district court noted, nothing in the applicable version of § 848 required any additional proof, such as a specific drug quantity, before a life sentence could be imposed. Because Vilarchao was not subject to a life sentence based on facts other than those proven at his trial, neither *Apprendi* nor *Alleyne* applies to render his sentence illegal.

The denial of the Rule 35 motion is AFFIRMED. The motion for appointment of counsel is DENIED.